SUZHU ZHAO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 04–2770–ag.

United States Court of Appeals, Second Circuit.

Jan. 11, 2006.

Suzhu Zhao, Flushing, NY, for the Petitioner, pro se.

David L. Huber, United States Attorney for the Western District of Kentucky (Monica Wheatley, Assistant United States Attorney, on the brief), Louisville, Kentucky, for the Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. MARK R. KRAVITZ, Judge.[1]

## SUMMARY ORDER

Suzhu Zhao, a native and citizen of the People's Republic of China, *pro se*, requests review of the April 20, 2004, decision of the Board of Immigration Appeals ("BIA") affirming the April 8, 2003, decision of the Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, decisions, and records below, and issues on appeal.

The BIA affirmed the holding of the IJ in a one-paragraph *per curiam* opinion. To the extent the BIA's decision constituted a summary adoption and affirmance of the decision of the IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We review an IJ's credibility determination under the "substantial evidence standard," *see id.* at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ The BIA adopted and affirmed the IJ's conclusion that, as to Zhao's past persecution claim, Zhao failed to file an asylum application within one year of her arrival in this country and therefore such claim was time-barred. We lack jurisdiction to review that determination. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 154–55 (2d Cir.2006); 8 U.S.C. § 1158(a)(3). As to Zhao's claim

of future persecution, though the IJ's opinion on this issue is far from clear, the IJ appears to have found that the birth of Zhao's son in 2001 constituted "changed circumstances" that made her future persecution claim timely. It is also unclear whether the BIA affirmed or rejected this holding. In its *per curiam* opinion, the BIA stated that it adopted and affirmed the decision of the IJ, but went on to hold "further" that Zhao is not eligible for asylum because her application was not filed within one year of her arrival and she "failed to show an extraordinary or changed circumstance." Thus, the BIA's opinion could be read to reject the IJ's finding as to changed circumstances and to hold that the future persecution claim is untimely. If the BIA made such determination, we would lack jurisdiction to review it. *See Xiao Ji Chen*, 434 F.3d at 154–55. Because the BIA's opinion is unclear, however, we alternatively reach the merits of the future persecution claim.

■ As to the merits, we note yet another ambiguity: it appears, but is not completely clear, that the IJ discretionarily denied Zhao's asylum claim. Joint App. at 23 ("[A]s a discretionary factor [the court] would deny the relief to the female respondent."); Joint App. at 24 ("The Court also found that the female respondent is not entitled to relief of asylum because of the adverse discretionary factors in her claim."). The Attorney General's decision as to whether to grant asylum as a matter of discretion "shall be conclusive unless *manifestly contrary to the law and an abuse of discretion.*" 8 U.S.C. § 1252(b)(4)(D) (emphasis added). Here, the IJ based her apparent discretionary denial on Zhao's failure to come forward in a timely fashion to correct the false claims

---

1. The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

made by her husband in his asylum proceedings. It was not unreasonable for the IJ to conclude that Zhao, who lived with her husband, would have known about his asylum application. Furthermore, the IJ was correct in finding that Zhao only came forward about her husband's false testimony after her husband's asylum application was rejected. Joint App. at 22–24 ("[H]er failure to come forward in March of 2000 if anything at the very least appears to be aiding and foisting a fraud upon or a material misrepresentation upon the Court given that the admitted false and intentional statements made by the husband in his I–589 and his testimony before the court."). Accordingly, to the extent that the IJ rendered a discretionary denial, it was not an abuse of discretion.

■ Because the IJ's discretionary denial is not crystal clear, we also conclude, in the alternative, that substantial evidence supports the IJ's adverse credibility finding and the IJ's ultimate conclusion that Zhao failed to satisfy her burden of proof as to her future persecution claim. The IJ found numerous inconsistencies between Zhao's husband's testimony and documents from his prior asylum proceedings and the testimony and documents submitted by Zhao in her proceedings. Though Zhao's husband testified at Zhao's hearing that he had lied during his prior proceedings and submitted false documents, the IJ was entitled to reject Zhao's husband's new testimony on the basis that he was not credible. Furthermore, the IJ was entitled to conclude that Zhao's access to fraudulent documents and her failure to come forward with the accurate version of events prior to the rejection of her husband's asylum application cast significant doubt on the credibility of Zhao and her documents. Zhao's husband admitted that he was able to obtain false documents concerning the birth of a child in 1997 in China and that he

submitted such documents to the court during his asylum proceedings. It was reasonable for the IJ to infer that if Zhao's husband could easily obtain fake documents, so too could Zhao. The IJ also rejected Zhao's testimony in light of Zhao's "aiding and foisting [her husband's] fraud upon or a material misrepresentation upon the Court" during his asylum proceedings. As noted above, it was not unreasonable for the IJ to conclude that Zhao, who lived with her husband, would have known about his asylum application. The IJ found further that Zhao did nothing while her husband lied to the court about a second daughter, and submitted a false birth certificate attesting to such, until it was in Zhao's benefit to do so, *i.e.,* until Zhao's husband's asylum application was rejected. In light of the foregoing, the IJ's adverse credibility finding and rejection of the documentary evidence is supported by substantial evidence, and the IJ was entitled to conclude that Zhao did not provide sufficient evidence of a well-founded fear of future persecution.

Finally, "[b]ecause [asylum and withholding] relief are factually related but with a heavier burden for withholding," we affirm the IJ's finding that Zhao necessarily fails to establish eligibility for withholding. *Zhang v. I.N.S.,* 386 F.3d 66, 71 (2d Cir.2004). We also conclude, as to Zhao's CAT claim, that the IJ did not err in finding that Zhao failed to establish that she would more likely than not be tortured upon return to China.

We have considered all of Zhao's arguments and find them to be without merit. The petition for review of the BIA's decision is therefore **DENIED**.